

SO ORDERED

Lloyd King
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | Case No. 14-01109 |
| --- | --- |
| LAC THI HOILIEN, | (Chapter 11) |
| Debtor. | FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEBTOR'S MOTION FOR BREACH OF THE AUTOMATIC STAY BY CREDITOR BANK OF AMERICA, N.A. AND COMMISSIONER BEN SUMMIT FILED OCTOBER 22, 2014 |
| | HEARING: |
| | DATE: November 19, 2014 |
| | TIME: 1:30 p.m. |
| | JUDGE: Honorable Lloyd King |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEBTOR'S MOTION FOR BREACH OF THE AUTOMATIC STAY BY CREDITOR BANK OF AMERICA, N.A. AND COMMISSIONER BEN SUMMIT FILED OCTOBER 22, 2014**

Debtor LAC THI HOILIEN's ("Debtor") Motion for Breach of The Automatic Stay by Creditor Bank of America, N.A. and Commissioner Ben Summit ("Motion") came on for hearing on November 19, 2014 at 1:30 p.m. before the Honorable Lloyd King in his courtroom. Ramon J. Ferrer, Esq. appeared on behalf of Debtor. Sofia

Hirosane McGuire, Esq. appeared on behalf of Creditor BANK OF AMERICA, N.A. ("BANA"). No other parties appeared. Notice having duly given to all parties, and the Court, having reviewed the Motion, memoranda and other documents in support thereof, and being fully advised in the premises, makes the following findings of fact and conclusions of law:

FINDINGS OF FACT

1. The property located at 41 Eleu Place, Kihei, Hawaii 96753 ("Property") is the subject of an ongoing foreclosure proceeding commenced over three years ago on November 3, 2011 in the Circuit Court of the Second Circuit, State of Hawaii under *Bank of America, N.A. v. Lac Thi Hoilien, et. al.*, Civil Number 11-1-0834 ("Second Circuit Action"). [Exhibits "A-B", Creditor's Amended Opposition]

2. On January 25, 2012, default was entered against Debtor. [Exhibit "A", Creditor's Amended Opposition]

3. A Commissioner, Ben Summit ("Commissioner Summit" or "Commissioner"), was appointed March 6, 2012 and the Property was sold to BANA September 14, 2012 at public auction for a credit bid. [*Decl. of Counsel,* Creditor's Amended Opposition]

4. On September 20, 2012, Debtor retained counsel and filed a Motion to Set Aside and Vacate Default and Judgment. [*Decl. of Counsel,* Creditor's Amended Opposition]

5. On January 25, 2013, at a hearing before Honorable Judge Cahill, BANA agreed to voluntarily vacate its Default and Judgment against Debtor. [*Decl. of Counsel,* Creditor's Amended Opposition]

8. In early February 2014, BANA became aware Ms. Hoilien had filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court, Southern District of California, on January 22, 2014, Case Number 14-00352-MM13 (the "San Diego bankruptcy") [*Decl. of Counsel,* Creditor's Amended Opposition]

9. On February 24, 2014, the San Diego bankruptcy case was dismissed, and the case was terminated on March 24, 2014. [*Exhibit "C"*, Creditor's Amended Opposition]

10. In May, 2014, Commissioner Summit attempted again to proceed with the foreclosure. [*Decl. of Counsel,* Creditor's Amended Opposition]

11. On June 25, 2014, the Commissioner's motion came for hearing before the Honorable Judge Cahill of the Second Circuit Court. [*Decl. of Counsel,* Creditor's Amended Opposition]

12. Prior to the hearing, however, on June 17, 2014, Debtor filed her second bankruptcy case, this time in the United States Bankruptcy Court, District of Hawaii, Case Number 14-00805 ("Second Bankruptcy Case"). [*Exhibit "D"*, Creditor's Amended Opposition]

13. As a result, Judge Cahill did not rule on the matter at that time. [*Decl. of Counsel,* Creditor's Amended Opposition]

14. On July 24, 2014, Debtor's second bankruptcy case was dismissed for failure to file information. [*Exhibit "E"*, Creditor's Amended Opposition]

15. On August 16, 2014, Debtor once again filed for Chapter 11 bankruptcy in the United States Bankruptcy Court, District of Hawaii, commencing this bankruptcy

case under Case Number 14-01109 ("Third Bankruptcy Case"). [*Exhibit "F"*, Creditor's Amended Opposition]

16. A total of three bankruptcy filings have been made in Debtor's name during 2014: one in San Diego, California in January 2014, and two in the District of Hawaii in June and August 2014. [*Decl. of Lac Thi Hoilen, Debtor's Mot., Ex. B*]

17. Commissioner Summit determined, based on a September 3, 2014 telephone call with debtor's counsel, that this was Debtor's third bankruptcy filing of the year and concluded as a result that no automatic stay was in place. [*Exhibit "G"*, Creditor's Amended Opposition]

18. Debtor's counsel expressed an intention to file a motion with this Court seeking clarification, but ultimately took no action. [*Exhibit "G"*, Creditor's Amended Opposition]

19. On September 30, 2014, Commissioner Summit filed a Motion to Proceed with Sale of Subject Property. [*Exhibit "G"*, Creditor's Amended Opposition]

20. On October 22, 2014, the Commissioner's motion to proceed came for hearing before Judge Cahill. [*Decl. of Counsel,* Creditor's Amended Opposition]

22. After hearing Debtor's argument, Judge Cahill found there to be no stay in place, and ordered the Commissioner to proceed, additionally requesting that BANA's counsel "file a motion to lift the stay, whatever might be in effect in the Bankruptcy Court." [*Exhibit "H"*, Creditor's Amended Opposition]

23. Debtor filed her instant Motion in this Court on October 22, 2014. [*Decl. of Counsel,* Creditor's Amended Opposition]

24. The Order granting Commissioner's Motion was entered by the Second Circuit Court on October 31, 2014, with the court finding that Debtor had acted in "bad faith by attempting to delay the above-captioned proceeding with serial bankruptcy filings" and directing BANA to filed a motion to lift stay in these bankruptcy proceedings "if such a stay exists."

CONCLUSIONS OF LAW

Pursuant to the foregoing findings of fact, the Court concludes:

A. There is no automatic stay in effect under 11 U.S.C. Section 362(c)(4)(A)(i) in the Third Bankruptcy Case, given the total of three bankruptcy filings that were made in Debtor's name during 2014.

B. BANA had no knowledge of, nor was BANA under any duty to be informed of, whether or not Debtor had authorized Jesus Emanuel Juan Lim ("Lim") to file the San Diego bankruptcy.

C. Debtor failed to make a timely motion within 30 days of filing the Third Bankruptcy Case under 11 U.S.C. Section 362(c)(4)(B) for protection of the automatic stay notwithstanding her multiple bankruptcy filings.

D. Debtor also failed to make a timely motion within 30 days of filing the Third Bankruptcy Case under 11 U.S.C. Section 362(c)(3)(B) for an extension of any purported limited 30-day automatic stay.

E. BANA is not subject to any sanctions and/or penalties for any stay violation(s).

F. COMMISSIONER SUMMIT is not subject to any sanctions and/or penalties for any stay violation(s).

G. As there is no just reason for delay, this Court expressly directs that a final Order and Judgment be entered DENYING all relief prayed for by Debtor in her Motion for Breach of the Automatic Stay by Creditor Bank of America, N.A. and Commissioner Ben Summit.

END

Submitted By:

RCO HAWAII, LLLC
A Hawaii Limited Liability Law Company

DEREK W.C. WONG                #4155
dwong@rcolegal.com
SOFIA HIROSANE McGUIRE         #9299
smcguire@rcolegal.com
900 Fort Street Mall, Suite 800
Honolulu, Hawaii 96813
Telephone: (808) 532-0090

Attorneys for Creditor
BANK OF AMERICA, N.A.

---

In re: LAC THI HOILIEN, Case No. 14-01109: FINDINGS OF FACT AND CONCLUSIONS OF LAW; REGARDING DEBTOR'S MOTION FOR BREACH OF THE AUTOMATIC STAY BY CREDITOR BANK OF AMERICA, N.A. AND COMMISSIONER BEN SUMMIT